UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EDMUNDO CRUZ,

    Plaintiff,

-against-

ERBLIN CORP. d/b/a BENNY'S PIZZA, ARBEN MIFTARALLARI, and ERBLIN MIFTARALLARI,

    Defendants.

Doc No.: 23-cv-02002-KAM-RER

**AMENDED COMPLAINT**

Plaintiff EDMUNDO CRUZ ("Plaintiff" or "Mr. Cruz"), by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants ERBLIN CORP. d/b/a BENNY'S PIZZA ("Benny's", the "Company" or the "Corporate Defendant") ARBEN MIFTARALLARI, and ERBLIN MIFTARALLARI ("Individual Defendants") as follows:

## NATURE OF THE ACTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA) and New York Labor Law § 650 *et seq.* (NYLL). Plaintiff seeks damages to redress Defendants' failure to pay him proper overtime wages or spread-of-hours payments.

2. Plaintiff brings this action pursuant to the FLSA and the regulations thereto and NYLL and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.*, based upon the following acts and/or omissions Defendants committed:

    i. Defendants' failure to pay Plaintiff, who worked in excess of forty (40) hours per week, proper overtime compensation required by federal and state law and regulations; and

      ii. Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State and City Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Jurisdiction is conferred on this Court because Plaintiff and Defendants named herein are residents of the State of New York and/or conduct business in the State of New York. Jurisdiction is conferred on this Court as to all causes of action because they arise under New York State law.

5. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PARTIES
*Plaintiff*

6. Plaintiff is a New York resident.

7. Plaintiff was at all relevant times an "employee" of Defendants within the meaning of federal and State law.

*Defendants*

8. The Company is a pizza restaurant based in Queens, New York.

9. Upon information and belief, the Company is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 175-63 Hillside Ave., Jamaica, NY, 11432.

10. Upon information and belief, at all times relevant hereto, the Company has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

11. During Plaintiff's employment, he used tools and materials that traveled through interstate commerce.

12. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA.

13. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, all Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

15. Upon information and belief, Individual Defendants reside in the State of New York and are owners, managers and/or employees of the Corporate Defendant.

16. Individual Defendants possess the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

17. Individual Defendants approve the payroll practices for Corporate Defendant's employees, including Plaintiff.

18. Individual Defendants possess operational control over the Corporate Defendant and its employees through financial control over the Corporate Defendant.

19. Individual Defendants are individually sued in their capacity as owners, officers, employees, and/or agents of the Corporate Defendant.

20. Individual Defendant Arben Miftarallari hired Plaintiff and generally had the power to hire and fire employees.

21. Individual Defendant Arben Miftarallari also controlled Plaintiff's schedule and rate of pay.

22. Individual Defendant Erblin was employed by Corporate Defendant as a manager.

23. Individual Defendant Erblin had the authority to discipline employees, and upon information and belief, had the authority to hire and fire employees.

24. Individual Defendants exercise sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employers under FLSA and New York State Labor Law ("NYLL").

25. At all relevant times hereto, the Company has continuously been doing business in the State of New York and the City of New York and has continuously employed more than four (4) people, and accordingly is an "employer" within the definitions of State Law and City Law.

### **FACTUAL ALLEGATIONS**

#### *Defendants' Wage and Hour Violations*

26. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that Defendants have been violating federal and state law and that Plaintiff has been and continues to be economically injured.

27. Defendants have maintained a policy and practice to not pay Plaintiff in

accordance with federal and New York State law.

28. Plaintiff worked as a pizza chef for Defendants from on or about March 2008 through October 10, 2022.

29. Throughout his employment with Defendants, Plaintiff worked approximately fifty-eight and a half hours per week.

30. For five days a week, Plaintiff began work at 10:00 am and finished at 8:30 pm.

31. On Sundays, Plaintiff worked from 11:00 am until 8:00 pm.

32. Plaintiff generally had a 30-minute lunch break.

33. When Plaintiff first started working for Defendants, he made $550 per week, then 6 months later his pay was raised to $650 per week.

34. From 2015 through 2017, Plaintiff was paid $850 per week.

35. In 2018, Plaintiff made $950 per week.

36. From 2019 through 2022, Plaintiff made $1,150 per week.

37. Plaintiff was not paid an hourly rate.

38. Plaintiff was paid at his regular rate for all hours worked, and was not paid at a rate of one and a half times his regular rate for all hours worked above 40.

39. Under New York Labor Law, an employee whose spread of hours exceeds ten hours in a single day is entitled to one additional hour of pay per day at the basic minimum wage hourly rate. 12 NYCRR §146-1.6.

40. Plaintiff's schedule regularly exceeded 10 hours in a day.

41. However, Plaintiff received no additional pay for his spread of hours.

42. Defendants have willfully disregarded and purposefully evaded

recordkeeping requirements of the FLSA and NYLL and supporting regulations.

## FIRST CAUSE OF ACTION
### (FLSA Overtime Wage Violations)

43. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

45. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

46. Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (NYLL Overtime Wage Violations)

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

49. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required

6

overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

50. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### (NYLL Spread of Hours)

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. Pursuant to the NYLL, Defendants were required to provide Plaintiff with spread of hours payments each time he worked more than 10 hours in a single day. 12 NYCRR §146-1.6.

53. Defendants failed to provide Plaintiff with spread of hours payments.

54. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in the amount of his unpaid wages in accordance with the NYLL, along with attorneys' fees, costs and prejudgment interest as provided by the NYLL and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL; and

D. Plaintiff's costs and reasonable attorneys' fees.

Dated: July 12, 2023
      New York, NY

                                Respectfully submitted,

                          By:     _____/s/_____
                                Michael Taubenfeld, Esq.
                                FISHER TAUBENFELD LLP
                                225 Broadway, Suite 1700
                                New York, New York 10007
                                Phone: (212) 571-0700
                                Attorneys for Plaintiff